UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEEREN BROS., INC., d/b/a
Ridgeking Apple Packing
and Storage,

       Plaintiff,

v.

NEW ERA CANNING COMPANY, et al.,

       Defendants.
_____/

Case No. 1:09-cv-70

HON. JANET T. NEFF

## **MEMORANDUM OPINION**

On September 21, 2009, this Court entered a Consent Judgment in this case, resolving the claims as between Plaintiff Heeren Bros., Inc., d/b/a Ridgeking Apple Packing and Storage ("Ridgeking"), and Defendant New Era Canning Company (Dkt 23). Pending now before the Court is Defendant Comerica Bank's Motion to Alter or Amend Judgment or, in the Alternative, for Reconsideration (Dkt 24), in which Comerica asks that this Court modify or reconsider the Consent Judgment, and provide that the Judgment is not to be used for issue and claim preclusion against Comerica in this action. Ridgeking has filed a Response (Dkt 38) to Comerica's Motion. Having fully considered the Motion and briefs, the Court finds no basis for altering the Consent Judgment or for reconsideration as requested by Comerica.[1] The Motion is therefore denied.

Ridgeking filed this action alleging a claim against New Era under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a *et seq.*, seeking payment of $94,354.45 for

---

[1]The Court has determined that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.3(d).

apples and other similar perishable agricultural commodities sold to New Era Canning (Mot. ¶ 1; Consent J.). Comerica was a secured lender to New Era Canning and held a security interest in all of New Era Canning's assets as security for loans in excess of $5,000,000[2] (Comerica's Br. 1). Ridgeking's Complaint seeks recovery from Comerica of any payments received from New Era Canning (Mot. ¶ 2).

Comerica moves to alter or amend the Consent Judgment pursuant to FED. R. CIV. P. 59(e) or for the Court to reconsider the Judgment pursuant to W.D. Mich. LCivR 7.4(a).[3] The decision whether to alter or amend a judgment is generally within the trial court's discretion. *Vaughn v. Lawrenceburg Power Sys.,* 269 F.3d 703, 710 (6th Cir. 2001). Comerica has failed to show it is entitled to the requested relief.

The Consent Judgment between Ridgeking and New Era Canning provides in relevant part:

1. That a judgment be entered against New Era Canning in the amount of $94,354.45, plus statutory interest, all of which constitutes a trust under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq*. (PACA) in favor of Ridgeking.

2. That Ridgeking's PACA trust be found to apply to all of New Era Canning's assets from and after September 2007.

3. *That the parties intend for this Consent Judgment to have issue and claim preclusive effect.*

(Consent J. 2; emphasis added.)

---

[2]Comerica asserts that it has since sold its position as a secured creditor pursuant to a non-recourse assignment agreement, but sold no assets or other property of New Era Canning (Comerica's Br. 1).

[3]To warrant reconsideration under Local Rule 7.4(a), the movant must demonstrate a palpable defect by which the Court and the parties have been misled, and also show that a different disposition of the case must result from a correction thereof.

Comerica argues that Ridgeking is not entitled to use the Consent Judgment against Comerica pursuant to either claim or issue preclusion (Comerica's Br. 2). Ridgeking responds that "no justification exists to allow Comerica, New Era Canning's creditor, to collaterally attack the Consent Judgment absent some showing that it is in fact false" (Ridgeking Resp. 5). Ridgeking asserts that the Consent Judgment is factually and legally accurate and that Comerica has raised nothing more than speculation that some facts might be discovered that could lead to a question (*id.*).

The Court agrees that Comerica has shown no factual basis or authority for objecting to the Consent Agreement between Ridgeking and New Era Canning. Comerica merely asserts that certain facts contained within the Consent Judgment "may not" be true (Comerica's Br. 6). Absent a showing of fraud or some other bad faith dealing, the Court declines Comerica's request to alter or amend the Consent Judgment.[4]

Accordingly:

Defendant Comerica Bank's Motion to Alter or Amend Judgment or, in the Alternative, for Reconsideration (Dkt 24) is DENIED.

An Order will be entered in accordance with this Memorandum Opinion.

DATED: May 18, 2010          /s/ Janet T. Neff
         JANET T. NEFF
         United States District Judge

---

[4] Moreover, Comerica seeks to alter the Consent Judgment to eliminate any preclusive effect, but asserts that "[i]n any case, Ridgeking will be unable to establish the elements necessary to use the Judgment against Comerica affirmatively through issue or claim preclusion" (Comerica's Br. 3). Given this assertion, Comerica's motion appears, in large part, moot.